# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JANE KENNER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:11CV00997 AGF |
| CAREER EDUCATION CORPORATION, and SANFORD BROWN COLLEGE, INC., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This diversity case is before the Court on the joint motion (Doc. No. 16) of Defendants Career Education Corporation and Sanford Brown College, Inc. ("Sanford Brown")[1] to compel arbitration and to dismiss, or alternatively, to stay the case pending arbitration. For the reasons set forth below, the motion to compel arbitration shall be granted and the case shall be stayed pending the completion of arbitration.

## BACKGROUND

For purposes of the motion now under consideration, the record establishes the following. Defendants are Delaware corporations whose business is the operation and ownership of for-profit educational institutions, including Sanford Brown College in Hazelwood, Missouri. On November 15, 2004, Plaintiff Jane Kenner, a Missouri resident, signed an Enrollment Agreement for admission to an associate of applied

---

[1] As of January 1, 2009, Sanford-Brown College, Inc., was merged with and into Sanford-Brown College, LLC.

science program at Sanford Brown College in Hazelwood. The Enrollment Agreement set forth the total for tuition and fees as $30,590, and other terms, such as Sanford Brown College's refund policy and policies regarding transfer of credits. In the same font style and size as the other terms is an arbitration clause which provides, in relevant part, as follows:

> 10. **Dispute Resolution**: Any disputes or controversies between the parties to this Agreement arising out of or relating to the student's recruitment, enrollment, attendance, education or career serve assistance by the College or to this Agreement shall be resolved first through the grievance policy published in the catalog. If not resolved in accordance with the procedures outlined in the school catalog . . . , then the dispute shall be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect or in accordance with procedures that the parties agree to in the alternative. The Federal Arbitration Act and related federal judicial procedure shall govern this agreement to the fullest extent possible, excluding all state arbitration law, irrespective of the location of the arbitration proceedings or of the nature of the court in which any related proceedings may be brought. Any such arbitration shall be the sole remedy for the resolution of any disputes or controversies between the parties to this agreement. Any such arbitration shall take place before a neutral arbitrator in a locale near the College unless the Student and the college agree otherwise. The arbitrator must have knowledge of and actual experience in the administration and operation of postsecondary educational institutions unless the parties agree otherwise. The arbitrator shall apply federal law to the fullest extent possible in rendering a decision. The arbitrator shall have the authority to award monetary damages measured by the prevailing party's actual damages and may grant any nonmonetary remedy or relief that the arbitrator deems just and equitable and within the scope of this agreement between the parties. . . . The arbitrator shall not have any authority to award punitive damages, treble damages, consequential or indirect damages, or other damages not measured by the prevailing party's actual damages, or to award attorney's fees. . . . The parties shall bear their own costs and expenses. The parties shall also bear an equal share of the fees and costs of the arbitration, which include but are not limited to the costs of

the arbitrator, unless the parties determine otherwise or the arbitrator determines otherwise in the award. . . .

(Doc. No. 17-1.)

Rule 7(a) of the Commercial Arbitration Rules of the American Arbitration Association provides that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope of validity of the arbitration agreement." (Doc. No. 28-1.)

On December 28, 2007, Plaintiff and 36 other individuals filed an action, *White v. Career Education Corp.*, No. 07SL-CC01514, in the Circuit Court of St. Louis County, Missouri, against Defendants herein, three other related entities, and numerous individuals.[2] It is undisputed that the plaintiffs in *White* raised identical or similar claims to those raised herein, arising out of the plaintiffs' recruitment, enrollment, and attendance at a Sanford Brown college, namely, fraudulent misrepresentation, fraud by concealment and omission, and violation of the Missouri Merchandising Practices Act. Defendants did not seek arbitration in *White* pursuant to the arbitration clause that appeared in the Enrollment Agreements each plaintiff had signed, but instead litigated the matter, engaging in extensive discovery. On May 28, 2010, the state court allowed the plaintiffs to voluntarily dismiss *White* without prejudice.

On May 23, 2011, Plaintiff filed the present lawsuit alleging that Defendants made various misrepresentations or omissions concerning Sanford Brown College and the

---

[2] www.courts.mo.gov/casenet

career prospects for program graduates.  Plaintiff asserts three claims against Defendants: fraudulent misrepresentation (Count I), fraud by concealment and omission (Count II), and violation of the Missouri Merchandising Practices Act (Count III).  In each count she seeks actual damages, including tuition paid, and punitive damages.  In Count II she also seeks statutory attorney's fees.

Defendants removed the case to this Court on June 2, 2011, based upon diversity jurisdiction.  On October 4, 2011, each Defendant filed an answer in which it raised the arbitration clause as an affirmative defense, and on the same day, Defendants filed the present joint motion to compel arbitration.

In response to the motion, Plaintiff argues that the arbitration clause is unenforceable because it is contained in a contract of adhesion and is procedurally and substantively unconscionable under Missouri law.  More specifically, Plaintiff complains that Defendants possess "far superior bargaining strength" and that the terms of the Enrollment Agreement were offered on a "take it or leave it basis" without the possibility of negotiating those terms; that the arbitration clause is "in fine print and on one of the later pages" of the Enrollment Agreement; that the choice of arbitrator is limited to one "aligned with" Defendants; and that arbitration would be prohibitively expensive for her.  She further complains that the limitation of damages provision and the provision regarding attorney's fees render the arbitration clause unconscionable under Missouri law.  In addition, Plaintiff asserts that Defendants waived their right to compel arbitration

by litigating the *White* case for approximately two years before it was voluntarily dismissed by the plaintiffs.

## DISCUSSION

### Enforceability of the Arbitration Clause under State Law

Section 2 of the Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration," and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (quoted sources omitted). In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms. *Id.* "The final phrase of § 2, however, permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Id.* at 1746.

In determining whether to compel arbitration, the Court must determine whether (1) a valid agreement to arbitrate exists between the parties; and (2) the specific dispute is within the scope of that agreement. *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004). "[S]tate contract law governs the threshold question of whether an enforceable arbitration agreement exists between the litigants; if an enforceable agreement exists, the federal substantive law of arbitrability governs whether the litigants'

dispute falls within the scope of the arbitration agreement." *Donaldson Co. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 731 (8th Cir. 2009). Here, Plaintiff does not argue that the parties' dispute does not fall within the scope of the arbitration clause. Rather, Plaintiff argues that the agreement to arbitrate disputes should not be enforced.

Under Missouri law, an unconscionable arbitration provision in a contract will not be enforced. *State ex rel. Vincent v. Schneider*, 194 S.W.3d 853, 856-61 (Mo. 2006) (invalidating as unconscionable arbitration clauses requiring the consumer to pay for all arbitration fees and allowing an entity related to one of the parties to select the arbitrator). There are procedural and substantive aspects to unconscionability. Procedural unconscionability relates to the formalities of the making of an agreement and encompasses, for instance, fine print clauses, high pressure sales tactics or unequal bargaining positions; substantive unconscionability refers to undue harshness in the contract terms. *Cicle v. Chase Bank USA,* 583 F.3d 549, 554 (8th Cir. 2009)*; Whitney v. Alltel Comm'cs, Inc.*, 173 S.W.3d 300, 308-14 (Mo. Ct. App. 2005); *Fay v. New Cingular, Wireless, PCS, LLC*, No. 4:10CV883 HEA, 2010 WL 4905698, at *2 (E.D. Mo. Nov. 24, 2010). "Generally there must be both procedural and also substantive unconscionability before a contract or clause can be voided." *Whitney*, 173 S.W.3d at 308; *see also Kan. City Urology, P.A. v. United Healthcare Servs.*, 261 S.W.3d 7, 15 (Mo. Ct. App. 2008) (reversing the trial court's finding that arbitration clause was void where the trial court found only substantive unconscionability and not procedural unconscionability).

The Court concludes that the arbitration clause in this case is not procedurally unconscionable. As noted above, the clause is one of several terms in the Enrollment Agreement, not buried in fine print, but in the same clear font style and size as other terms, with the words, "Dispute Resolution" in bold. *See Cicle,* 583 F.3d at 554*; Fallo v. High-Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009); *Fay*, 2010 WL 4905698, at *2. Nor does the inequality in bargaining or the lack of opportunity for negotiation render the arbitration clause procedurally unconscionable in the context of the present case. *See Cicle*, 583 F.3d at 555; *Fallo*, 559 F.3d at 878.

Because the Court finds no procedural unconscionability, it need not reach the question of substantive unconscionability. *See Fallo*, 559 F.3d at 879. In any event, the Court finds that the arbitration clause is not substantively unconscionable under Missouri law, as the terms are not unduly harsh. The party seeking to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, bears the burden of showing the likelihood of incurring such costs. *Cicle*, 583 F.3d at 556 (citation omitted). Here, Plaintiff has provided no evidence to the Court of her current income, and no evidence to support her contention that arbitration costs will be prohibitive. Indeed, the arbitration clause itself grants the arbitrator the ability to determine how the fees and costs of the arbitration ultimately shall be borne. Thus, the Court cannot conclude that the arbitration clause is unconscionable on this basis. *See id.* at 557; *Chisholm v. Career Educ. Corp.*, No. 4:11-CV-00994-HEA (E.D. Mo. Nov. 14, 2011).

Plaintiff's position that the preclusion of punitive damages and attorney's fees makes the entire arbitration clause unconscionable also fails, as the validity of these provisions are to be determined by the arbitrator. *See Arkcom Digital Corp. v. Xerox Corp.,* 289 F.3d 536, 539 (8th Cir. 2002); *Larry's United Super, Inc. v. Werries,* 253 F.3d 1083, 1085-86 (8th Cir. 2001); *KCMS Contracting, Inc. v. Triage Mgmt. Servs., Inc.*, 2010 WL 2008844, at *2 (W.D. Mo. May 18, 2010); *Grossman v. Thoroughbred Ford, Inc.*, 297 S.W.3d 918, 924 (Mo. Ct. App. 2009) ("The remedial provisions of the arbitration clause are not essential to the remainder of the arbitration agreement and may be severable upon a more specific showing of unconscionability. Thus, even if an arbitrator or the circuit court subsequently found any of the remedial provisions invalid, those provisions would not impact the enforceability of the agreement to arbitrate.") (citing *Swain v. Auto Servs., Inc.*, 128 S.W.3d 103, 109 (Mo. Ct. App. 2003)).

In sum, in this case, a valid agreement to arbitrate exists, and the instant dispute is within the scope of that agreement.

**Waiver**

In light of the strong federal policy in favor of arbitration, any doubts concerning waiver of arbitrability should be resolved in favor of arbitration. *Bank of Am. N.A. v. UMB Fin. Servs., Inc.,* 618 F.3d 906, 914 (8th Cir. 2010). Nevertheless, courts "will find waiver where the party claiming the right to arbitrate: (1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts." *Id.*; *see also Hooper v. Advance Am., Cash Advance Ctrs. of*

*Mo, Inc.*, 589 F.3d 917, 921 (8th Cir. 2009). "The issue of waiver arises in a variety of arbitration agreements and in a variety of procedural settings." *Erdman Co. v. Phoenix Land & Acquisition*, LLC, 650 F.3d 1115, 1117 (8th Cir. 2011). "Although prejudice manifests itself in myriad ways, prejudice results when parties litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts." *Hooper*, 589 F.3d at 921.

Here the Court concludes that Plaintiff's argument that by not seeking to compel arbitration in *White*, Defendants waived the right to seek to compel arbitration in this lawsuit is without merit. A voluntary dismissal "'leaves the situation as if the action never had been filed.'" *City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157 (9th Cir. 2002) (holding that waiver in one lawsuit of the defense of sovereign immunity did not carry over to a subsequent lawsuit between the parties, following a voluntary dismissal without prejudice in the first lawsuit) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2367). Further, as Defendants correctly note, any relevant discovery conducted in *White* could, presumably, be used by the parties in the arbitration.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to compel arbitration is **GRANTED**. (Doc. No. 16.)

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the completion of arbitration proceedings. The parties shall jointly submit a notice updating the Court on the status of this case no later than ten days following the completion of arbitration.

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery and other pretrial proceedings pending a ruling on their motion to compel arbitration is **DENIED** as moot. (Doc. No. 18.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case for administrative purposes pending completion of the arbitration.

                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 29th day of November, 2011.